IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| MICHAEL WAYNE MURPHY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | NO. 1:16-cv-00049 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM

## I. Introduction

This case has been reassigned to the undersigned Judge.

Pending before the Court are Petitioner's Motion to Vacate, Set Aside or Correct Sentence in Accordance With 28 U.S.C. § 2255 (Doc. No. 1); the Government's Response (Doc. No. 8); and Petitioner's Reply (Doc. No. 12). For the reasons set forth below, Petitioner's Motion (Doc. No. 1) is **DENIED**, and this action is **DISMISSED**.

## II. Petitioner's Criminal Proceedings

Petitioner was convicted, after a jury trial held before now-retired Judge William J. Haynes, Jr., of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Doc. Nos. 61, 62 in Case No. 1:04cr00009); *United States v. Murphy*, 278 Fed. Appx. 278 (6th Cir. May 19, 2008). In the Presentence Investigation Report, the Probation Office determined Petitioner qualified for a 15-year mandatory minimum sentence as an Armed Career Criminal based on the following prior Tennessee convictions: two counts of third-degree burglary and one count of arson, all in 1988. (Doc. No. 97 ¶¶ 20, 31 in Case No. 1:04cr00009). At the subsequent sentencing hearing, on July 8, 2005, Judge Haynes agreed that Petitioner was an Armed Career

Criminal and his sentencing guideline range was 210 to 262 months of imprisonment. (Doc. Nos. 90, 111 in Case No. 1:04cr00009). Judge Haynes sentenced Petitioner to 210 months of imprisonment. (Doc. Nos. 86, 111 in Case No. 1:04cr00009). On appeal, the Sixth Circuit affirmed Petitioner's conviction and sentence. (Doc. No. 112 in Case No. 1:04cr00009); *Murphy,* 278 Fed. Appx. at **5.

### III. Analysis

A. Section 2255 Proceedings

Petitioner has brought this action pursuant to 28 U.S.C. § 2255. Section 2255 provides a statutory mechanism for challenging the imposition of a federal sentence:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). In order to obtain relief under Section 2255, a petitioner "'must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States,* 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir. 2003)).

If a factual dispute arises in a § 2255 proceeding, the court is to hold an evidentiary hearing to resolve the dispute. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). An evidentiary hearing is not required, however, if the record conclusively shows that the petitioner is not entitled to relief. 28 U.S.C. § 2255(b); *Ray,* 721 F.3d at 761; *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999). A hearing is also unnecessary "'if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions

2

rather than statements of fact.'" *Monea v. United States,* 914 F.3d 414, 422 (6th Cir. 2019) (quoting *Valentine v. United States,* 488 F.3d 325, 333 (6th Cir. 2007)).

Having reviewed the record in Petitioner's underlying criminal case, as well as the filings in this case, the Court finds it unnecessary to hold an evidentiary hearing because the records conclusively establish Petitioner is not entitled to relief on the issues raised.

B. Petitioner's *Johnson* Claim

Petitioner argues his sentence should be vacated based on the Supreme Court's decision in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015). In *Johnson,* the Supreme Court held the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), to be unconstitutionally vague. The ACCA imposes a 15-year mandatory minimum sentence for defendants convicted of certain firearms offenses who have three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). The "residual clause" is part of the italicized definition of "violent felony" as set forth below:

> (2) As used in this subsection–
>
> * * *
>
> > (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that –
> >
> > > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> > >
> > > (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.* . .

(emphasis added). The *Johnson* Court specifically explained its decision did not call into question the remainder of the Act's definition of "violent felony" or the definition of "serious drug offense" in the ACCA. 135 S. Ct. at 2563. In *Welch v. United States*, ___ U.S.___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016), the Supreme Court held the *Johnson* decision announced a substantive rule that applies retroactively on collateral review.

Petitioner argues that, in the absence of the residual clause, his prior convictions for arson and third-degree burglary no longer qualify as "violent felonies" under the ACCA, and he is no longer subject to the ACCA's 15-year mandatory minimum sentence. In its Response, the Government argues Petitioner's prior convictions constitute "violent felonies" under the definition's "enumerated offense" clause.

As set forth above, the "enumerated offense" clause includes both burglary and arson. The Supreme Court has held that in listing these crimes, Congress was referring to their "generic" versions. *Mathis v. United States*, ___ U.S. ___, 136 S. Ct. 2243, 2248, 195 L.Ed.2d 604 (2016). In determining whether a prior conviction fits within the generic version of one of the enumerated offenses, courts are to use the "categorical approach," which focuses on the statute defining the offense rather than the facts underlying the prior conviction. *Id.* If the statute "sets out a single (or 'indivisible') set of elements to define a single crime," then the court simply compares those elements to the elements of the generic offense to see if they match. *Id.* If the elements of the statute include a wider range of conduct than the generic offense, the prior conviction cannot count as an ACCA predicate. 136 S. Ct. at 2248-49.

If a statute is "divisible," in that it lists elements in the alternative to define multiple crimes, however, courts are to use the "modified categorical approach." *Id.*, at 2249. Under that approach, "a sentencing court looks to a limited class of documents (for example, the indictment, jury

instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Id.* (*citing Shepard v. United States*, 544 U.S. 13, 26, 125 S. Ct. 1254, 161 L.Ed.2d 205 (2005)). Once the crime of conviction is determined, the court can then make the comparison of elements required by the categorical approach. *Id.*

Petitioner contends that, at the time of his arson conviction in 1988, the statute under which he was convicted was analogous to the current version of the statute codified at Tennessee Code Annotated Section 39-14-301(a), which provides: "A person commits an offense who knowingly damages any structure by means of a fire or explosion: (1) Without the consent of all persons who have a possessory, proprietary or security interest therein; or (2) With intent to destroy or damage any structure to collect insurance for the damage or destruction or for any unlawful purpose." Petitioner argues that a Tennessee Criminal Court of Appeals opinion, *State v. Phillips,* 2015 WL 2374596 (May 15, 2015), interprets this statute more broadly than the generic definition of arson by holding the *mens rea* requirement can be satisfied when a defendant intends only to start the fire itself, and does not require that the defendant intentionally start a fire with the purpose of damaging property. In *Phillips,* the state appeals court held there was sufficient evidence to demonstrate the defendant "knowingly" damaged the victim's home by fire because the defendant acted with an awareness that by setting the victim on fire, a fire was reasonably certain to cause damage to the victim's residence. *Id.*, at *4.

The arson statute cited by Petitioner did not take effect, however, until after Petitioner's conviction, on November 1, 1989. 1989 Tenn. Pub. Acts, c. 591, §§ 1, 121. The prior version of the statute, under which Petitioner was convicted, provides: "Any person who willfully and maliciously sets fire to or burns, causes to be burned, or who aids, counsels or procures the burning of any house or outhouse, or any building, or any other structure, the property of himself or of

another shall be guilty of arson . . ."[1] Tenn. Code Ann. § 39-3-202 (1982).

The Sixth Circuit has held that generic arson is "the intentional or malicious burning of any property." *United States v. Gatson,* 776 F.3d 405, 410 (6th Cir. 2015). The Tennessee statute includes these elements.[2] Petitioner has not shown the interpretation of the newer version of the statute at issue in *State v. Phillips*, *supra*, applies to the language of the previous version. Even if it did, however, the Court is unpersuaded that the proposition articulated in *Phillips* – a person commits arson if he or she acted with an awareness that setting a fire was reasonably certain to cause damage to the structure – makes the statute broader than generic arson. In *United States v. Misleveck,* 735 F.3d 983, 986-88 (7th Cir. 2013), the Seventh Circuit explained that the *mens rea* for generic arson includes the "conscious disregard of a risk." That *mens rea*, the court concluded, is similar to the *mens rea* under the Wisconsin arson statute, which applies to a defendant who is "aware that his or her conduct is practically certain to cause that result." *Id.,* at 987. There is little difference between the phrase "practically certain to cause" discussed in *Misleveck,* and the phrase "reasonably certain to cause" used in *Phillips.* Thus, the Court concludes the *mens rea* described in *Phillips* does not make the Tennessee statute broader than the generic version of arson.

---

[1] The parties have not filed a copy of the state court records of Petitioner's arson conviction, but the Presentence Investigation Report states: "Case No. 3099 charged that on or about January 19, 1988, the defendant willfully and maliciously set fire to, or burned, or caused to be burned, a building, to-wit: an apartment house located on West Madison Street, Pulaski, Tennessee, said property being the house of Dee Murrey." (Doc. No. 97 in Case No. 1:04cr00009 ¶ 31). This charge closely tracks the language of the prior version of the arson statute.

[2] The statute also permits a conviction for aiding, counseling or procuring the burning of a building. Those added words, however, does not make the statute broader than the generic crime of arson. *See United States v. Buie,* 2018 WL 5619335, at *9 (M.D. Tenn. Oct. 30, 2018) (holding that a conviction for aiding, counseling or procuring the burning of a building requires the same *mens rea* of willfulness and malice under Tennessee law, and therefore, satisfies the generic definition).

Accordingly, Petitioner's arson conviction qualifies as a "violent felony" under the ACCA's enumerated offense clause.

Petitioner also argues his two third-degree burglary convictions do not qualify under the ACCA's enumerated offense clause because the Tennessee statute is broader than generic burglary. Petitioner contends that third-degree burglary, at the time he was convicted in 1988, was defined in Tennessee Code Annotated Section 39-3-404, which provides as follows:

> **39-3-404 – Third-degree burglary – Safecracking.**
>
> (a)(1) Burglary in the third degree is the breaking and entering into a business house, outhouse, or any other house of another, other than dwelling house, with the intent to commit a felony.
>
> > (2) Every person convicted of this crime, on first offense, shall be imprisoned in the penitentiary for not less than three (3) years nor more than ten (10) years.
> >
> > (3) Every person convicted of this crime, on a second or subsequent offense, shall be imprisoned in the penitentiary for not less than five (5) years nor more than ten (10) years.
> >
> > (4) Provided, however, if the person convicted of this crime had in his possession a firearm at the time of the breaking and entering, he shall be imprisoned in the penitentiary not less than ten (10) nor more than fifteen (15) years.
>
> (b)(1) Any person who, with intent to commit crime, breaks and enters, either by day or by night, any building, whether inhabited or not, and opens or attempts to open any vault, safe, or other secure place by any means, shall be punished by imprisonment for a term of not less than three (3) nor more than twenty-one (21) years upon conviction for a first offense, and not less than five (5) years nor more than twenty-one (21) years upon conviction for a second or subsequent offense.
>
> > (2) Provided, however, if the person convicted of this crime had in his possession a firearm at the time of the breaking and entering, he shall be imprisoned in the penitentiary not less than ten (10) years nor more than twenty-one (21) years.[3]

---

[3] The previous version of this statute was codified as Tennessee Code Annotated Section 39-904, but contained substantially similar language. *See, e.g., United States v. Bailey,* 2018 WL 4355209 (E.D. Tenn. Sept.12, 2018).

7

According to Petitioner, the statute is divisible, and therefore, the Court may consult the *Shepard* documents for the underlying convictions to determine which subsection applied. Petitioner construes the the language of the indictments for his two burglary convictions as potentially applying to both subsections (a)(1) or (b)(1), and because subsection (b)(1) is broader than generic burglary, Petitioner concludes his burglary convictions do not qualify as violent felonies under the enumerated offense clause.

The Court is not persuaded by Petitioner's conclusion. First, it is reasonable to assume the title of the statute refers to two separate crimes set forth in the two separate subsections, *i.e.* the first subsection, (a)(1)-(4), is "third-degree burglary" and the second subsection, (b)(1)-(2), is "safecracking." Petitioner's convictions are for the former, not the latter.

Even if that were not the case, however, the allegations in the charging documents at issue track the language of Subsection (a)(1).[4] Petitioner was convicted of these allegations, as charged,

---

[4] Count One of the Indictment in Case Number 3101 charges:

> . . . Mike Murphy . . . on or about the 19/20th day of January, 1988, in the County aforesaid, and prior to the return of this indictment, did unlawfully, feloniously and forcibly break and enter into the business house of Hays Distributing Company, Rogers N. Hays, agent, with the intent to feloniously take and carry away the personal goods of the said Hays Distributing Company, Robers N. Hays, agent, then and there to be found and had in said business house, contrary to the statutes and against the peace and dignity of the State of Tennessee.

(Doc. No. 8-1, at 2). Petitioner pled guilty to this count. (Doc. No. 8-1, at 3).

Count One of the Indictment in Case Number 3102 charges:

> . . . Mike Murphy . . . on or about the [illegible] /20th day of January, 1988, in the County aforesaid, and prior to the return of this indictment, [illegible] unlawfully, feloniously and forcibly break and enter into the business house of Tennessee Valley Motors, John Kelley, agent, with the intent to feloniously take and carry away the personal goods of the said Tennessee Valley Motors, John Kelley, agent, then and there to be found and had in said business house, contrary to the statutes

and neither indictment refers to "opening a vault, safe or other secure place." *See, e.g., Cradler v. United States,* 891 F.3d 659, 669 (6th Cir. 2018) (consulting charging document in determining that defendant was convicted of the first subsection of the statute: "The indictment makes no mention of a vault, safe, or other secure place.").

Petitioner also argues the statute, regardless of the subsection, is broader than generic burglary because the Tennessee Supreme Court construes it as applying to "technical burglaries, including the example 'where a person left in charge of a house enters, and steals from, a closed room which from his employment, he has no right to enter.'" (Doc. No. 12, at 7 (quoting *Page v. State,* 98 S.W.2d 98, 99 (Tenn. 1936)). Indeed, the Sixth Circuit agreed with this reasoning in *Cradler v. United States, supra,* and held the first subsection of the statute is broader than generic burglary because it "encompasses conduct undertaken when someone is lawfully inside a building." 891 F.3d at 671.

On June 10, 2019, however, the Supreme Court issued a decision rejecting this narrower view of generic burglary. In *Quarles v. United States,* 139 S. Ct. 1872 (2019), the Court held that "remaining in" burglary statutes are not broader than generic burglary under the enumerated offense clause of the ACCA:

> Section 924(e) defines 'violent felony' to include 'burglary.' Under this Court's 1990 decision in *Taylor v. United States*, 495 U.S. 575, 110 S. Ct. 2143, 109 L.Ed.2d 607, the generic statutory term 'burglary' means 'unlawful or unprivileged entry into, *or remaining in*, a building or structure, with intent to commit a crime.' *Id*., at 599, 110 S. Ct. 2143 (emphasis added).
>
> The exceedingly narrow question in this case concerns remaining-in burglary. The

---

and against the peace and dignity of the State of Tennessee.

(Doc. No. 8-2, at 2). Petitioner was convicted of this count. (Doc. No. 97, at ¶ 31).

question is whether remaining-in burglary (i) occurs only if a person has the intent to commit a crime *at the exact moment* when he or she *first* unlawfully remains in a building or structure, or (ii) more broadly, occurs when a person forms the intent to commit a crime *at any time* while unlawfully remaining in a building or structure. For purposes of § 924(e), we conclude that remaining-in burglary occurs when the defendant forms the intent to commit a crime *at any time* while unlawfully remaining in a building or structure.

*Id.,* at 1875. Based on this reasoning, the Court concludes the interpretation of the Tennessee third-degree burglary statute to include one who forms the intent to commit a crime after lawfully entering a building, *see Page v. State,* 98 S.W.2d at 99, does not render the statute broader than generic "remaining in" burglary. Accordingly, Petitioner's third-degree burglary convictions qualify as "violent felonies" under the enumerated offense clause of the ACCA.

Having determined that Petitioner's two prior convictions for third-degree burglary and one conviction for arson qualify as "violent felonies," Petitioner remains an Armed Career Criminal without regard to the residual clause invalidated by *Johnson.*

## IV. Conclusion

For the reasons set forth above, the Court concludes Petitioner's request for Section 2255 relief is without merit. Accordingly, Petitioner's motion to vacate is denied, and this action is dismissed.

If Petitioner gives timely notice of an appeal from the Court's Memorandum and Order, such notice shall be treated as an application for a certificate of appealability, 28 U.S.C. § 2253(c), which will not issue because Petitioner has failed to make a substantial showing of the denial of a constitutional right. *Castro v. United States,* 310 F.3d 900 (6th Cir. 2002).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE